```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


EDWARD SALERNO,                  :
                                 :    Civil Action No. 05-4418(FSH)
          Petitioner,            :
                                 :
     v.                          :    OPINION
                                 :
NEW JERSEY ATTORNEY              :
GENERAL, et al.,                 :
                                 :
          Respondents.           :
```

**APPEARANCES:**

    EDWARD SALERNO, Petitioner pro se
    Resident No. 188
    Special Treatment Unit, Annex
    8 Production Way, P.O. Box 905
    Avenel, New Jersey 07001

**HAYDEN**, District Judge

    This matter is before the Court on petitioner Edward Salerno's petition for habeas corpus relief under 28 U.S.C. § 2254.  For the reasons stated below, the petition will be dismissed without prejudice for failure to exhaust state court remedies.

## I.  BACKGROUND

    According to the allegations contained in the petition, petitioner, Edward Salerno ("Salerno"), is a civilly committed person under the New Jersey Sexually Violent Predators Act, N.J.S.A. 30:4-21.1, et seq., currently confined at the Special Treatment Unit, Annex B, in Avenel, New Jersey.  Salerno challenges the judgment and order of involuntary commitment

issued on August 28, 2001.  He states that he filed an appeal from this order, and the appeal is currently pending.  (Petition at ¶¶ 9(a), 11(d)).

## II.   ANALYSIS

A.   Pro Se Pleading

Salerno brings his habeas petition as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B.   Exhaustion Analysis

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[1]  28 U.S.C. § 2254(b)(1).  See

---

[1] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions

also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868

---

in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.  Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion.  Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same.  Id. at 277.

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies.  28 U.S.C. § 2254(c).

In the present case, the petition, on its face, shows that Salerno has failed to exhaust his state court remedies with respect to his involuntary commitment.  He admits that he has filed a direct appeal from the order of commitment, and the

appeal is still pending.  Therefore, it is obvious that the claims asserted in Salerno's petition have not been fully exhausted before the highest court in New Jersey.  Accordingly, the Court is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254.  See Rose, 455 U.S. at 510.

In addition, there is no indication from the petition that Salerno's non-exhaustion of state court remedies should be excused.  Salerno has not shown that there is an absence of available state process with respect to his unexhausted claims.  Before exhaustion will be excused on this basis, "state law must clearly foreclose state court review of unexhausted claims." Toulson, 987 F.2d at 987.  Thus, as a matter of comity, it is best left to the New Jersey courts to determine Salerno's unexhausted claims.  District courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989.  Here, it is unlikely that Salerno would be procedurally barred from raising his claims on direct appeal in state court, as the claims are currently pending there. Moreover, Salerno alleges no facts suggesting that state procedures are in effect unavailable to him.  Accordingly, the

5

petition will be dismissed for failure to exhaust state court remedies.

### III.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 1537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## IV.   CONCLUSION

For the foregoing reasons, this Court finds that Salerno has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust. The Court therefore will dismiss without prejudice the § 2254 habeas petition for failure to exhaust available state court remedies.

No certificate of appealability will issue, insofar as Grant has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).


          /s/ Faith S. Hochberg
          United States District Judge

DATED:  May 10, 2006